John E. Mann, Rachel Blivin and Joseph Rice, appellants, *vs.* Charles H. Russell, appellee.

*Appeal from McHenry.*

The verdict should be manifestly against the weight of evidence, in order to demand any interference with it on the part of this Court.

This Court will not look into affidavits in relation to the conduct of jurors, or examine the instructions given and refused, merely because the clerk has copied them into the transcript. They should be incorporated in the bill of exceptions.

This was an action on the case, for obstructing a water course and causing the water to flow back upon the mill of appellee, brought by him against the appellants, which was heard before Henderson, Judge, and a jury, at April term, 1850, in the McHenry Circuit Court; and a verdict and judgment for appellant, for the sum of $ 835 20. The defendants in the Court below appealed to this Court, and assigned several errors. The bill of exceptions was so loosely taken as not to enable this Court to examine the errors assigned.

Strode & Bush, for appellants.

I. N. Arnold, for appellee.

Opinion by Treat, C. J.:

Although numerous errors have been assigned in this case, but two questions are legitimately reserved on the record—one

growing out of a decision rejecting an offer by the appellants to read in evidence, from a newspaper, an advertisement purporting to be signed by the appellee; the other arising on the refusal of the Court to grant a new trial. As to the first question, it is sufficient to remark, that the appellants did not show, nor offer to show, that the advertisement emanated from the appellee. In order to a correct determination of the other question, we have carefully considered the evidence, and cannot say that the verdict was manifestly against the weight of evidence. On the contrary, the testimony was conflicting and contradictory, to such a degree, that a finding either way would not have demanded any interference on the part of the Court. We are not at liberty to look into the affidavits relating to the conduct of the jurors, or the instructions given and refused by the Court. They are not a part of the record, merely because the clerk has copied them into the transcript. They should have been incorporated in the bill of exceptions. Besides, the case fails to show that any exceptions were taken to the decision of the Court in giving and refusing instructions. The other decisions, in admitting and excluding evidence, were not excepted to, and, consequently, are not subject to revision in this Court.

Affirm the judgment, with costs.

*Judgment affirmed.*