HENRY ALSTON, plaintiff in error, vs. MATHADIUS M. GRAN-THAM, defendant in error.

[1.] In a motion for a new trial, if the *rule nisi* states the .charge differently from the charge itself, as written out by the Judge, and sent up with the record, this Court will be governed by the charge as written.

[2] The assertion of title by the plaintiff in the absence of the defendant to the property in dispute, is inadmissible as evidence.

[3.] If the law is charged as requested by counsel, it is not error in the Court to omit charging something in addition to which its attention is not called by counsel.

An action of trover, tried before His Honor Judge GEO. D. RICE, in Union Superior Court, Spring Term, 1858.

[All the facts necessary to a full understanding of this case, are embodied in the opinion of the Court.]

MARTIN & CHISHOLM, for plaintiffs in error.

FRANCIS, *contra.*

Alston vs. Grantham.

*By the Court.*—LUMPKIN J. delivering the opinion.

This is the ordinary case of a suit brought by the father-in-law, to recover from the son-in-law, property given to the daughter in her lifetime.

There are eight grounds taken in the motion for a new trial. These are reducible to four. I herewith transcribe the motion, with the decision of the Judge, as written out by himself upon it:

1st. Because the jury found their verdict contrary to the evidence in the cause.

2d. Because the jury found greatly contrary to the weight of evidence.

3d. Because the Court erred in charging the jury that if it was proven that Henry Alston the plaintiff had deliberately admitted, that he had given the property in dispute to Euphon W. Alston, that they were authorized to find for the defendant.

4th. Because the Court erred in charging the jury, that if Henry Alston the plaintiff had made any acknowledgments, that he had given the negroes in dispute to his daughter Euphon in her life time, that they might find for the defendant.

5th. Because the Court erred in charging the jury that if it was proven that Henry Alston the plaintiff, had acknowledged that he had given the property in dispute to Euphon in her lifetime, that then they had the right to infer, a delivery and everything else necessary to constitute a good and valid gift.

6th. Because the Court erred in charging the jury, that if, after the death of Euphon W. Alston, it was proven that Henry Alston, the plaintiff, admitted that he had given the negroes to Euphon in her lifetime, and that she being dead, the property fell to him, and he was her heir, that they had a right to infer all the requisites of a legal and valid gift were complied with.

Alston vs. Grantham.

7th. Because the Court erred in refusing to permit counsel for plaintiff to read in evidence to the jury, that part of the answer of Thomas M. Alston to the third direct interrogatory, which is in these words. (But I persuaded my father the plaintiff, to let the negro girl remain where I had hired her out, as we had plenty others at home. He plaintiff said he would not let her remain there, for then my sister Euphon would soon be claiming said girl,) it coming in after the words "have said negro girl sent back home."

8th. Because the Court erred when requested by plaintiff's counsel to give the jury in charge, the law relative to the weight that should be given to the conflicting testimony of witness, in charging the jury "that the testimony of that witness was entitled to the greatest weight who had the best opportunity of knowing the facts," and in not adding thereto, in the charge, the words "and the least inducement to speak falsely."

At chambers, July 2, 1858.

The foregoing motion for a new trial in the case therein stated, having been by order of Court at the last Term of Union Superior Court, by and with the consent of the counsel for plaintiff and defendant, referred to me for my decision at chambers. I have examined and considered the motion and the several grounds therein stated; and as to the first and second grounds stated in the motion for a new trial, the motion for a new trial is refused because the verdict of the jury was well warranted by the evidence, and the Court is satisfied with the verdict.

And as to the third, fourth, fifth and sixth grounds, stated in the foregoing motion for a new trial, the motion is refused because the charge of the Court is not truly nor correctly stated and set forth in those grounds. What the Court did charge on the subjects referred to in those several last mentioned grounds, will appear from a copy of the charge of the

Court now hereunto annexed and referred to as showing the grounds of this refusal.

As to the seventh ground stated in the foregoing motion for a new trial, I see no error in the ruling of the Court as therein mentioned, and set forth, and therefore the motion on that ground is refused.

And as to the eighth and last ground stated in the motion for a new trial, the motion is also refused, because the Court gave the charge referred to in that ground, as requested by plaintiff's counsel, and if plaintiff's counsel wished the additional words mentioned in this last ground, to-wit: "and the least inducement to speak falsely," given in charge to the jury as part of the charge, he should have called the attention of the Court to it, and should have requested the additional charge. What the Court did charge as referred to in this last ground will appear from the copy charge hereto annexed. The Court therefore refuses the motion for a new trial.

GEO. D. RICE, *J. S. C.*

July 2d, 1858.

The following is so much of the charge of the Court to the jury on the trial of the above stated case, as is necessary to enable the Court to decide on the motion of Plaintiff for a new trial in said case :

" The defendant resists the recovery of the slaves in controversy by the plaintiff, on the ground of a parol gift, made, as defendant alleges, by the plaintiff to his daughter, Euphon W. Alston. To sustain this defense, the defendant must prove :

1st. That plaintiff gave the negro girl Sukey to Euphon W. Alston.

2d. That there was a delivery of possession of the negro girl to Euphon W. Alston. A parol gift of personal property without delivery of possession is not a valid gift. An actual manual delivery of the property is not necessary to constitute a valid gift, and therefore such a delivery need not be

shown, but there must be some evidence that the donor had parted with the dominion of the property, and that dominion of the property vested in the donee. A parol gift of personal property may be established by the evidence of persons who were present when the gift was made, and are able to testify to the fact of the gift. It may, also, be established by proof of declarations and admissions of the donor as to the gift, but if these declarations and admissions do not extend to the delivery of the property, then evidence of some act of the donor or of some fact or circumstance, going to establish the fact that there was a delivery must be adduced in order to show that the parol gift was perfected by delivery.

The declarations and admissions of the plaintiff, that he had given the property to Euphon W. Alston, are good (if satisfactorily proved,) to establish the giving of the negro girl Sukey by plaintiff to his daughter Euphon W. Alston, and if such declarations and admissions were accompanied and connected with acts of the plaintiff, distinctly recognizing the rights of his daughter Euphon W. Alston, or acts done by his daughter Euphon, with the knowledge of her father, (the plaintiff,) such as exercising dominion and control of the negro girl, without objections from the plaintiff, (her father,) they were good to prove a delivery and other requisites of a good gift.

If it is proved in this case, that the plaintiff deliberately admitted that he had given the negro girl Sukey to his daughter Euphon W. Alston, and if it is also proved that the negro girl was in the possession of Euphon W. Alston, and that she with the knowledge of her father, and without objections from him, exercised dominion and control over the negro girl, hired her out and received the hire, then the jury ought to find for the defendant.

If it is proved that the negro girl Sukey was in the possession of, or under the control and dominion of Euphon W. Alston in her lifetime, and at the time of her death, and if

it is also proved that the plaintiff, after the death of Euphon'
W. Alston, admitted and declared that he had given the girl
Sukey to Euphon W. Alston, in her lifetime, but that she
Euphon W. Alston was dead, and that he was her *heir*, and
would get the property, *or;* that he was her heir, and the pro-
perty fell to him, these declarations and admissions will au-
thorize the jury to infer a delivery and other requisites of a
good gift; for by claiming an interest in the property as heir
of his daughter Euphon; the plaintiff admitted that the
property had vested in Euphon, which it would not do unless
there had been a gift perfected by delivery.

The Court at the request of the plaintiff's counsel, further
charged the jury just as requested by plaintiff's counsel, that
"in weighing the testimony of witnesses, the testimony of
that witness who had the best opportunity of knowing the
facts about which he testified, was entitled to the greatest
weight.                          GEO. D. RICE, *J. S. C."*

[1.] It will be perceived, that there are various specifica-
tions made against the charge of the Court in the applica-
tion for a new trial. But the Judge in his opinion denies
their correctness, and sets forth fully what he did charge;
and we find no fault in it.

[2.] We think the Court was right in rejecting that part
of the testimony of Thomas M. Alston, the son of the plain-
tiff, which relates to the conversation between his father and
himself, with regard to hiring out the girl in dispute. The
daughter was not present; and to let it in would be to allow
the party to manufacture proof for himself.

[3.] The Court at the request of plaintiff's counsel, in-
structed the jury in the language of the request, as to conflict-
ing evidence, "that the testimony of that witness was enti-
tled to the greatest weight who had the best opportunity of
knowing the facts." The complaint is, that he did not add
thereto the words, " and the least inducement to speak false-
ly."

His Honor very properly held, that if counsel desired the addition, he should have asked it. It is not pretended that what the Court did say was wrong. The error assigned is, what the Court omitted to say. Counsel have duties to discharge as well as the Bench. Happy is that Judge who is not guilty of sins of *commission.*

As to the stereotype objection in all motions for a new trial, that the verdict was contrary to evidence, the weight of evidence, &c., all we have to say is, that there are two sides to this question. The jury have found, that the proof is with the defendant. The Circuit Judge who presided in the cause, says, he is satisfied with the finding, and we are not prepared to hold, that he was guilty of a flagrant abuse of his discretion, in refusing to award a new trial.

                                        Judgment affirmed.