Walker vs. The State.

---

## WALKER vs. THE STATE.

When the sayings of a party accused of larceny, are admissible as evidence for him—

Indictment, for hog stealing, in Haralson superior court. Tried before Judge HAMMOND, October Term, 1858.

The plaintiff in error was indicted for hog stealing and found guilty. His counsel moved for a new trial on the following grounds :

.Walker vs. The State.

1. Because the court erred in not permitting defendant to prove what he said in explanation of his possession of the hog, when found in his possession.

2. Because the court erred in refusing to allow defendant to prove the offer of James Plott to sell a lot of hogs to E. J. Newman, on Walsen creek, and the description he gave of their different marks, and why they were so marked.

3. Because the court erred in refusing to admit in evidence a conversation between James Plott and Henry Hill, in relation to the terms of the contract of the sale of certain hogs by Plott to Hill.

4. 5. Because the verdict was contrary to law, the charge of the court, and the evidence.

The court overruled the motion and defendant excepted.

BURKE & BLACK, for plaintiff in error.

Sol. Gen. FIELDER, *contra.*

*By the Court.*—BENNING, J., delivering the opinion.

All of the grounds of the motion but two, were abandoned. These two were the first and last.

As to the first—

Read the prosecution. The owner of the hogs alleged to have been taken, testified as follows: "That in December, 1857, he saw a black spotted hog in a pen near defendant's house; knew the hog; it belonged to witness; the marks had been changed to two splits in each ear—the splits looked like they had not been long made, and not fully healed—the hog had been altered. Witness had not seen the hog in three or four weeks—witness don't know who put the hog in the pen—did not propose to take the hog, but said he would come back, but did not—the pen was thirty or forty yards from the house of the defendant,

close to his corn crib—witness lives ten or twelve miles from defendant. The hog was in the pen with other hogs, but don't know that the marks of the others had been changed."

"Defendant then offered to prove by said Reed, what the Defendant said in explanation of the possession of the hog, when the said Reed went to the house of defendant, and found him in possession of said hog, and defendant offered in evidence what the said Reed said to the defendant," relative to said Reed's right and ownership to said hog, and what the defendant said in reply to said Reed, which the court refused to allow."

I think that the court ought to have admitted this conversation to the jury; and for two reasons; one, that the court did let in a part of the conversation—this part: "Witness did not propose to take the hog, but said he would come back." The other that, the sayings of Walker, the accused, were to be considered as the accompaniments of the act of possession, which was a continuing act, and was the leading, if not the only *act* of Walker in the case. Possession is a continual asportation—a continuing commission of the larceny. The sayings, therefore, were to be considered as making a part of this prolonged act. Consequently, they were admissible under the rule of the *res gestæ*.

There is a case in 8 Por. (Ala. Rep.) to the contrary of this; but if no authority is cited for this case, and the question, as to whether the sayings did not make a part of the *res gestæ*, was not, as far as appears, presented to, or considered by the court. The case is the State vs. Wisdom, 8 Par., 571.

It is unnecessary, if not improper, to express an opinion, on the ground that the verdict was contrary to evidence.

LUMPKIN, J., concurring.

McDONALD, J., dissenting.