### 7423. MINEOLA MILL COMPANY v. GRIFFIN.

BROYLES, J.   1.   No error appears in the ruling of the court excluding the following question and the answer thereto (the question being propounded to the assistant manager of the defendant company while upon the witness stand) :   "Where was he the last time you heard of him?" (referring to one Dorman who, the defendant alleged, had, with others present, heard the plaintiff admit, shortly after the accident, that his injuries were due to his own fault). . The answer to this question was: "At Starke, Florida." As presented in the ground of the amendment

to the motion for a new trial, complaining of this ruling, no sufficient foundation was laid for the admission of this testimony, it being merely stated in this connection that "Dorman was not present at the trial." It does not appear *when* he was last heard from in Florida, or when he left the jurisdiction of the court, or that any effort had been made to subpœna him as a witness before he left, or that he left without the knowledge, consent, or connivance of the defendant. So. far as appears, he may have gone to Florida only a few days before the trial, at the instance of the defendant itself.

2. Ordinarily, self-serving declarations are hearsay and inadmissible, but this rule does not apply where they are made in the presence of the opposite party, or where they are part of the res gestæ, or where they are a part of a conversation of which some other part has already been admitted in evidence. *Monroe* v. *State*, 5 *Ga.* 85; *Alston* v. *Grantham*, 26 *Ga.* 374; *Daniel* v. *Hannah*, 106 *Ga.* 91 (31 S. E. 734); *Dozier* v. *McWhorter*, 117 *Ga.* 786, 790 (45 S. E. 61). Under the rulings cited, it was error for the court to exclude the testimony of the witness Thompson Fender, assistant general manager of the defendant company, as to what he said to the plaintiff in a conversation which they had almost immediately after the infliction of the injury sued for, and while the plaintiff was still on the ground under the pulley on which he was hurt; the sayings of the plaintiff to this witness, in the same conversation, having been admitted in evidence. However, under the particular facts of this case, this error does not require the grant of a new trial; for the court, in ruling upon this conversation, admitted the part most damaging to the plaintiff and most helpful to the defendant, viz., that the plaintiff told the witness Fender that his injuries were caused by his (the plaintiff's) own fault; the rejected part of the conversation being the following question addressed by Fender to the plaintiff: "My goodness alive, what is the matter, Griffin, old fellow?" and the following statement made by Fender to the plaintiff, after the plaintiff had answered this inquiry by saying that he got hurt while trying to put on a belt: "I certainly am surprised at you trying to put on the belt when I particularly warned you only a few days ago to keep away from it." While these sayings of the witness Fender in the conversation were ruled out, he was nevertheless allowed to testify that as a matter of fact he had warned the plaintiff on one occasion, about a week before the injury occurred, to stay away from the pulleys and belts, and that he then told the plaintiff that the company had other men to attend to them. The record shows that several other witnesses for the defendant were also allowed to testify that the plaintiff had been explicitly warned not to attempt to handle the pulleys, belts, or any of the machinery of the mill. We think the admission of this evidence cured the above-mentioned error of the court; or at least so nearly cured it as not to render a new trial necessary.

3. Counsel for the plaintiff in error admits in his brief that there was some evidence to authorize the verdict; and there being no complaint of any other error of law than the two already discussed, the judgment of the lower court is　　　　　　　　　　　　　　　　*Affirmed.*

DECIDED OCTOBER 18, 1916.

Action for damages; from city court of Valdosta—*Judge Cran-ford.* April 14, 1916.

*E. K. Wilcox,* for plaintiff in error.

*O. M. Smith, J. M. Johnson,* contra.