### 15578.   WILSON *v.* THE STATE.

In reopening the case and allowing the introduction of additional evidence the trial judge did not abuse his discretion.

The conviction was authorized by the evidence, and the court did not err in denying a new trial.

DECIDED JULY 15, 1924.

Accusation of violating liquor law; from city court of Macon— Judge Gunn.   April 11, 1924.

*Earl W. Butler,* for plaintiff in error.

*Roy W. Moore, solicitor,* contra.

BLOODWORTH, J.   1.   The judge did not abuse his discretion in reopening the case and allowing the evidence introduced of which complaint is made in the first special ground of the motion for a new trial.   In *Atlantic Coast Line R. Co.* v. *Blalock,* 8 *Ga. App.* 44, 48 (68 S. E. 743), Judge Russell said: "As, in the broader light of our advancing intelligence, we more plainly see that the object of the trial is to reach the truth, the less is a progressive profession inclined to tolerate the observance of any technical rule which will tend only to test the skill and vigilance of the counsel, when it is at the expense of the real justice of the case." In *Ellenberg* v. *Sou. Ry. Co.,* 5 *Ga. App.* 389, 392 (63 S. E. 240), Judge Powell, citing the code section which is now § 5728 of the

Civil Code (1910), said: "The trial of a case is not a mere game for testing the skill and vigilance of contesting lawyers, but is an investigation instituted for the purpose of ascertaining the truth." See, in this connection, *Cone* v. *American Surety Co.*, 29 *Ga. App.* 676 (6), 680 (116 S. E. 648), and cases cited.

2. There is no merit in the second special ground of the motion for a new trial.

3. The evidence is ample to support the verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*