28498. DAVIS *v.* THE STATE.

717

Decided November 27, 1940.

*Lanham & Parker, Jack Rogers,* for plaintiff in error.
*J. Ralph Rosser, solicitor-general, Alec Harris,* contra.

MacIntyre, J. Guy Davis was convicted of violating the Code, § 58-1077, in that he did possess whisky in Floyd County, a county which had not legalized and controlled alcoholic beverages and liquors under the revenue tax act. His motion for new trial as amended was overruled and he excepted.

■ It appears from the evidence, construing it most strongly against the defendant, that the place of business (a "whisky or beer joint") in question and the house in which the defendant resided were on the same side of the road or street, about eighty or ninety yards apart. A path which led from the back of the house down to the back of the store was continuous and had no breaks in it. A "trap" was found in this path about forty or forty-five yards from the house, and the officers "carried a wheelbarrow load [of whisky in pint and half-pint bottles] back to the car," and others took some in their arms. It was properly stamped. It appears that the defendant had operated this place where the officers searched for the whisky, and had lived in the house for about four years. The State introduced in evidence an advertisement appearing in the Rome News-Tribune under date of April

12, showing that the "Chulio" (the name of the place of business) was "under the personal management of Guy Davis," the defendant. It also appeared that E. E. Holder, who lived across the street from the defendant's place of business, had bought whisky from the defendant on various occasions within two years before the filing of the indictment. The evidence authorized the verdict, and this court can not interfere.

■ Special ground 1 objects to certain testimony of a witness for the State, R. E. Jenkins. The defendant contends that the judge did not overrule or sustain the objection, and that this was reversible error; and further that said evidence was immaterial, prejudicial, and hurtful, because it was contrary to the positive testimony of said witness. The contention is not meritorious. It appears that counsel for the defendant made the following objection: "We respectfully object to his continually referring to it as Mr. Davis's place, when he has already testified it was Mrs. Davis's." The court thereupon said: "Let him state what he knows." This, we think, was in effect overruling the defendant's objection; and the evidence was not inadmissible for the reasons assigned. It was, if anything, merely conflicting statements by a witness as to whose place the "Chulio" was, and the jury could believe his testimony that it was Mrs. Davis's place or they could believe his testimony that it was Mr. Davis's place. In other words, it was a matter to be determined by the jury, going to the credibility of the witness, and was no cause to exclude the testimony. This ground is not meritorious.

■ Special grounds 2 and 3 object to the evidence of certain newspaper clippings, on the ground that it was not shown that they were published by the authority of the defendant. As a general rule, a newspaper advertisement, where no responsibility for the printed matter or advertisement is shown, is not admissible in evidence, and before such advertisement is admissible it must be shown that the person against whom the advertisement is introduced authorized and paid or promised to pay for it. *Berry* v. *Mathews,* 7 *Ga.* 457; Saenger Amusement Co. *v.* Murray, 128 Miss. 782 (91 So. 459) ; 2 Jones on Evidence (4th ed.), 1103, § 582; Mann *v.* Russell, 11 Ill. 586. The reason for the rule seems to be that printed matter bears upon itself no marks of authorship other than its contents. 7 Wigmore on Evidence, 608, § 2150. At the time

the advertisements in question were introduced, such authority had not been shown by the evidence; but subsequently Max Milollen was introduced by the State, and he testified that he was employed by the Rome News-Tribune in the advertising department, and that the defendant gave him or paid him the money for the advertisements; and this evidence was sufficient for the purpose of showing authorship. The order of proof rests in the discretion of the trial judge. This ground is not meritorious. *Jenkins* v. *State*, 190 *Ga.* 556 (9 S. E. 2d, 909).

■ Grounds 4 and 5 object to certain testimony of E. E. Holder, witness for the State, to the effect that on several occasions he had bought whisky from the defendant, on the ground that the defendant was charged with possessing whisky, and that evidence of selling whisky was immaterial and prejudicial to the defendant and should have been excluded. The evidence was relevant to the issue on trial, and showed some logical connection with the offense charged, in that it was a circumstance for the jury which tended to show that the defendant, and not his wife or some third person, possessed the whisky. We think the evidence was admissible. *Barnes* v. *State*, 57 *Ga. App.* 183 (194 S. E. 839), and cit.; *Cole* v. *State*, 120 *Ga.* 485 (48 S. E. 156). Furthermore, the judge in his charge to the jury told them: "The court has allowed to go to the jury certain evidence with reference to alleged sale of whisky by the defendant. The court permitted that to go to you as a circumstance which you may consider, along with all the evidence in this case, in determining whether or not the defendant in this case had in his possession more than one quart of the intoxicating liquors, as charged against him in the indictment." These grounds are not meritorious.

■ In ground 6 the defendant contends that the judge should have declared a mistrial, because the solicitor-general made a statement in the examination of E. E. Holder, a witness for the State, that Mr. Holder didn't give the defendant away. At the time the solicitor made the statement that he wanted to show "that he [Mr. Holder] didn't give Guy [defendant] away at all," the court ruled: "I rule it out; of course I don't think the solicitor-general meant to make such a statement; if he did, then I reprimand the statement made, and ask the jury to disregard it." It therefore appears that the judge excluded the statement, reprimanded the solicitor, and told the jury to disregard it. We think this ground does not disclose reversible error.

■ When the charge to the jury is considered as a whole, no reversible error appears in grounds 7, 8, and 9 complaining of certain excerpts from the charge.

■ Ground 10 is but an elaboration of the general grounds, and has in effect been considered.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*