31153.  MILLER *v.* THE STATE.

Decided May 7, 1946.

*James Maddox, Graham Wright,* for plaintiff in error.
*Henderson Lanham, solicitor-general,* contra.

MacIntyre, J.  ■  In special ground 4 complaint is made that the court charged the jury in part: " You look to the evidence and the defendant's statement in this case and determine who was in possession of this locker, and determine whether or not the defendant beyond a reasonable doubt was in possession of this locker, and then determine from the evidence and the defendant's statement in the case beyond a reasonable doubt whether the locker contained the prohibited liquors named, described, and referred to in the indictment, and if so, if the locker contained more than one quart of the liquors prohibited by law, and as charged in the indictment; if you find that the defendant beyond a reasonable doubt was in possession of the locker, then, I charge you that he would be in possession of the contents of the locker, and it is immaterial who was the owner of the whisky, if you find he was in possession."

The locker in question was in a golf club of which the defendant was manager.  The possession of such a locker by the defendant

would raise the presumption that the contents of the locker were in the possession of the defendant, but this would be a rebuttable presumption. *Isom* v. *State,* 32 *Ga. App.* 75 (122 S. E. 722); *Wilson* v. *State,* 32 *Ga. App.* 493 (123 S. E. 909). But the language in the charge, "If you find that the defendant beyond a reasonable doubt was in possession of the locker, then, I charge you *that he would be in possession of the contents* of the locker, and it is immaterial who was the owner of the whisky, if you find he was in possession," is an instruction, not that he would *be presumed* to be in possession of the contents, but that *he would be* in possession of the contents. (Italics ours.) The language italicized in the excerpt from the charge, it seems to us, was calculated to mislead and confuse the jury into thinking that, if the defendant was in possession of the locker, it was mandatory for them to find that he was "in possession of the contents," and forbade any ulterior inquiry as to the possession of any of the contents by any other person, if the jury determined that the locker itself was in possession of the defendant. The possession of the locker raised only a rebuttable presumption and not a conclusive one relative to its contents. We think that this language in the charge was misleading and hurtful, and that a new trial should be granted.

■ Special ground 5. The defendant excepts to the judge's refusal to charge, "I charge you that, if you find that one bottle of whisky which the State says was found was the property of the wife of the defendant, the defendant would not be guilty." The parties have the right, "which we would not abridge, to have a principle of law springing from the testimony in the case, and pertinent to the issue tried, given by the court; but they have no right to single out and specify a fact or two in testimony, and to ask the judge to charge the jury that, if they are satisfied such and such facts exist, or have been proven to their satisfaction, that, then, they should find so and so." *Wright* v. *Ga. R. & Bkg. Co.,* 34 *Ga.* 330, 338. It was the jury's right in this case to determine from all the evidence the guilt or innocence of the accused. The requested charge was a hypothetical statement by way of instruction which was insufficient because it embraced but a part of the issues and assumed facts that were contested in the case and that should have been submitted to the jury for their

determination. *Southern Ry. Co.* v. *Wilcox,* 59 *Ga. App.* 785 (2 S. E. 2d, 225); *Allen* v. *State,* 28 *Ga.* 395 (73 Am. D. 760); *Harrell* v. *State,* 121 *Ga.* 607 (5) (49 S. E. 703); *Long* v. *State,* 12 *Ga.* 293 (16, 17). It was not erroneous to refuse to give such charge.

■ Special ground 1. The following question was propounded to the witness, Frank Russell, an officer, by the solicitor-general: "While you were there [in the locker room] making a search and at the time when you found this whisky, did anyone come there and try to buy whisky and ask Mr. Miller [the defendant] for some whisky?" The question was objected to on the ground that it was irrelevant and immaterial and threw no light on the issue involved in this case, and was prejudicial to the defendant. The objection was overruled and the witness was allowed to answer the question, his answer being: "When we got there, Mr. Ralph Primm and Mr. Ralph Flournoy were sitting at a table drinking in this room, and they had a pint sitting on the table between them, and while we were there looking in the lockers, either two or three, I don't know which, came in there and asked Elmo Miller for whisky, and he told them—'Don't you see the sheriff is in charge?'" In *Keener* v. *State,* 18 *Ga.* 194, 225 (63 Am. D. 269), it is said that "*all* the circumstances of a transaction may be submitted to the jury, provided they afford any fair presumption or inference as to the matter in issue. This proposition is exceedingly broad, and if carried out in good faith, would produce the most beneficial results." See also *Kutzchan* v. *State,* 68 *Ga. App.* 121 (22 S. E. 2d, 410). The evidence was relevant to the issue on trial, possession of more than one quart of tax-paid whisky in a dry county, and showed some logical connection with the offense charged, as it tended to show that the defendant, and not his wife or some third person, possessed the whisky. *Davis* v. *State,* 63 *Ga. App.* 716, 719 (4) (12 S. E. 2d, 124). The ground is without merit.

■ Special ground 2. "Ordinarily, self-serving declarations are hearsay and inadmissible, but this rule does not apply where they are made in the presence of the opposite party, or where they are part of the res gestæ, or where they are a part of a conversation of which some other part has already been admitted in evidence. *Monroe* v. *State,* 5 *Ga.* 85; *Alston* v. *Grantham,* 26 *Ga.* 374; *Daniel* v. *Hannah,* 106 *Ga.* 91 (31 S. E. 734); *Dozier* v.

*McWhorter,* 117 *Ga.* 786, 790 (45 S. E. 61).'' *Mineola Mill Co.* v. *Griffin,* 18 *Ga. App.* 668 (2) (90 S. E. 360). See also *Walker* v. *State,* 28 *Ga.* 254; *Long* v. *State,* 22 *Ga.* 40; *Ellison* v. *State,* 21 *Ga. App.* 259 (94 S. E. 253); *Lovett* v. *State,* 80 *Ga.* 255 (4 S. E. 912). The officer having testified on direct examination that the defendant, when he went into the locker room, told him that it was his locker in which the whisky was found, it was error to refuse to allow the witness to answer on cross-examination the other part of the same conversation, in which the defendant told the officer that the pint of whisky was his wife's, and also told him that the quart was his and that the locker where the whisky was found was occupied by both him and his wife for the purpose of keeping their golf clubs and clothing. This was error under the ruling of *Mineola Mill Co.* v. *Griffin,* supra.

■ Special ground 3, which is covered by headnote 5, needs no elaboration.

■ The judge erred in overruling the motion for a new trial.
*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*