35688. TIFTON BRICK & BLOCK CO. *v.* MEADOW.

Decided June 29, 1955.

*Seymour S. Owens, Robert R. Forrester,* for plaintiff in error.
*Jere Field, John T. Ferguson,* contra.

QUILLIAN, J. The verdict was not without evidence to support it.

1. Ground 4 of the amended motion complains that, over the objection that the witness was not expert, and his testimony was irrelevant to the issues of the case, a patrolman was permitted to testify that he examined the truck at the scene of the collision, that one of its dual tires on the rear was flat, and that he did not think it was safe to operate.

An expert witness is one who through education, training, or experience has peculiar knowledge concerning some matter of

science or skill to which his testimony relates. Code § 38-1710; *Doster* v. *Brown*, 25 *Ga.* 24 (2) (71 Am. D. 153) ; *White* v. *Clements*, 39 *Ga.* 232 (5).

Our courts recognize any person whose official duties as a public officer require that he have special training or experience concerning certain matters of skill or science as an expert in reference to those matters.

However, if aught was lacking in qualifying the witness as an expert on direct examination, it was supplied in the cross-examination, when the witness was thoroughly interrogated as to his experience in observing vehicles of the type in question when traveling with flat tires.

■ Special ground 5 of the motion for new trial complains that an officer was allowed to testify that the plaintiff told him that he was traveling at a certain speed. The objection interposed by the defendant was that the statement of the plaintiff to the officer was a self-serving declaration.

The witness was thoroughly examined on cross-examination as to the admission made by the plaintiff in reference to the speed he was driving on the occasion of the collision.

The admission and the statement objected to were connected parts of the same conversation, and explanatory of each other. The court committed no error in admitting the whole conversation. *Mineola Mill Co.* v. *Griffin*, 18 *Ga. App.* 668 (2) (90 S. E. 360).

A statement that otherwise would be objectionable on the ground that it is a self-serving declaration may be admissible for a variety of reasons. It may be admissible as a part of a conversation some other part of which has been introduced by the opposite party to the case. It may constitute a part of the res gestae of the transaction or occurrence to which it pertains. It may be offered for the purpose of showing that, while it was of such nature as to require a denial, it was made in the presence of the opposite party and was not denied by him. *Miller* v. *State*, 73 *Ga. App.* 810 (4) (38 S. E. 2d 180).

Where, in the instant case, the evidence shows that the plaintiff was painfully injured in a collision of two automobiles, and according to the testimony of a witness was not able to walk for some time thereafter, a statement made by him to an officer

about fifteen minutes after the collision concerning the speed at which he was traveling we think was admissible as part of the res gestae of the occurrence.

■ Grounds 6, 7, 8, and 19 of the amended motion for new trial present the contention that evidence as to the commissions earned by the plaintiff as a traveling salesman was inadmissible to show either the amount of loss of earnings sustained by him between the time he was injured and the time of trial, or the amount of damages to which he was entitled by certain injuries that he alleged to be permanent and of such nature as to reduce his capacity to work and earn money.

In support of this, in his very splendidly prepared brief skilled counsel cites numerous decisions holding that prospective profits from business adventures are generally too remote to be recovered as damages in suits sounding either in contract or tort.

But the cases cited do not relate to the ability of a salesman to earn certain commissions in that field of endeavor, though he worked entirely on a commission basis. In this connection, it should be remembered that the earnings of one skilled in any particular vocation are not dependent upon the profits earned in any one business enterprise. A salesman who is paid a percentage of his gross sales, like a lawyer, doctor, or other professional man, can show his ability to labor and earn only by proof of what his average earnings were for a reasonable period prior to the time such evidence is offered. That a salesman, or other person working for commissions or fees, has up to the time that he is injured earned a certain amount, and thereafter has, on account of incapacity to work resulting from the injury, been able to earn less, is evidence both of the amount of the loss of earnings for the period of time of the injury and the time of trial, and if such injuries be shown to be permanent, the probable reduction in his earning capacity. The rule is stated in *Southwestern Railroad Co.* v. *Vellines*, 14 *Ga. App.* 674 (2) (82 S. E. 166), and *Western & Atlantic R. Co.* v. *Sellers*, 15 *Ga. App.* 369 (2) (83 S. E. 445).

■ Grounds 9 and 10 of the amended motion for new trial were abandoned.

■ Ground 11 of the amended motion for new trial complains that a doctor who examined the plaintiff was permitted to testify that he did not think that the plaintiff was the malingering type.

The only objection interposed by the defendant's counsel was that the doctor was not an expert as to character, and that the evidence was not relevant.

One not an expert in any field may testify as to traits of character he has observed in another, such evidence not being a matter requiring special skill or training.

The testimony of a physician that the witness did not "give any evidence of being a malingerer" is admissible. *Georgia Ry. & Power Co. v. Howell,* 28 *Ga. App.* 798 (7) (113 S. E. 101).

The evidence was material to the issues made by the pleadings and evidence.

Special ground 12 assigns error on the refusal to permit the plaintiff's witness to answer a question propounded to him on direct examination, but does not disclose what the witness was expected to testify. The ground is incomplete.

■ Ground 13 assigns error because the trial judge stated that after the trial began an amendment was offered by the defendant. It would have been better practice for the court not to have mentioned the time when the amendment was offered, but this was not reversible error for any reason assigned by the movant.

■ Grounds 14, 15, 16, and 17 of the amended motion allege that the court erred in giving the jury certain instructions in reference to certain traffic regulations. The excerpts from the charge assigned as error were quoted.

The specific exceptions to these charges were, not that they presented abstractly incorrect statements of the law, but that they instructed the jury that certain violations of the traffic laws would constitute negligence on the part of the defendant, and did not inform the jury that the same acts would be negligent if committed by the plaintiff. The charges were excepted to on the further ground that there was no evidence in the record making issues as to whether the defendant had violated the traffic laws referred to in the quoted excerpts. "Where an extract from the charge of the court states a complete proposition and is correct in itself, it is not subject to exception merely because of failure to add something else to it. The exception should be to the omission and not to the instruction given. This ruling applies to the instruction in this case that 'Remote or speculative or possible damages are not to be allowed in considering the mainte-

nance and operation of the lines or poles by the company', which instruction the power company concedes is correct 'as far as it goes', while contending that it does not go far enough. The language quoted does not exclude the proposition which it is contended should have been given with it." *Georgia Power Co.* v. *Chapman*, 46 *Ga. App.* 582 (3) (168 S. E. 131).

If the excerpts from the charge were correct, the ground did not properly raise the question of the omission of the court to give additional instructions to the jury as to the plaintiff's duty to obey the traffic laws.

None of the grounds sets out or otherwise discloses the evidence that was adduced upon the trial in reference to the defendant's violation of or obedience to the traffic laws. Special ground 3 is not complete and understandable within itself, and therefore cannot be considered. It assigns error upon an excerpt from the charge, for the alleged reason that it was not authorized by the evidence, but none of the evidence is set out in the ground or attached as an exhibit thereto. See *Beavers* v. *State*, 33 *Ga. App.* 370 (2) (126 S. E. 305); *Georgia-Florida Motor Lines* v. *Slocumb*, 45 *Ga. App.* 204 (3) (164 S. E. 166). None of the grounds of the motion for new trial 14-19 inclusive contains an averment that instructions in reference to the plaintiff's duty to comply with the statutes were not elsewhere given in the court's general charge to the jury. The rule is stated in the case of *Jones* v. *Knightstown Body Co.*, 52 *Ga. App.* 667, 669 (184 S. E. 427): "A ground excepting to the refusal of the court to give a charge on timely written request is too general to be considered, and not sufficient and complete, where it is not alleged that such requested instruction was pertinent to the issues and applicable under the pleadings and evidence, and where it is not shown that the principle of law therein embodied was not covered by the court in the general charge. *Wilkes* v. *State*, 16 *Ga. App.* 185 (4) (84 S. E. 721)." *Harris* v. *State*, 152 *Ga.* 199 (3) (108 S. E. 781); *Howard* v. *Georgia R. Co.*, 25 *Ga. App.* 636 (4) (104 S. E. 26).

■ Ground 18 complains that the court excluded from the evidence a letter written by one of the defendant's witnesses, a physician, to the plaintiff's counsel. There was no issue as to whether the letter had been written by the doctor or transmitted in regular course through the mails. The witness merely identi-

fied the letter by placing his initials on it, but, so far as appears from the ground, did not testify that what appeared in it was true. The court's ruling was correct. Moreover, if it had been error, the error would have been harmless since the record shows that the witness had already testified to the same facts as those related by him in the letter.

■ The 20th ground asserts that the verdict for $10,000 was excessive. There was evidence that the plaintiff sustained injuries of a permanent nature and suffered considerable pain. Code § 105-2015; *Hotel Dempsey Co.* v. *Miller*, 81 *Ga. App.* 233 (5) (58 S. E. 2d 475); *Western & Atlantic R.* v. *Burnett*, 79 *Ga. App.* 530 (7) (54 S. E. 2d 357).

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*