46370. ROZIER v. THE STATE.

Evans, Judge. The defendant was indicted and tried for the offense of burglary. He was convicted of an attempt to commit burglary and sentenced to serve a term of 10 years, the last three to be suspended. A motion for new trial was filed, thereafter amended, heard and overruled. The appeal is from the judgment of conviction and sentence. Error is enumerated as to: (1) the denial of a motion for mistrial, (2) the allowance of certain testimony of officers who allegedly violated the rule of sequestration, (3) the denial of a thorough and sifting cross examination of a witness, (4) the insufficiency of the evidence to convict, and (5) the overruling of the motion for new trial as amended which incorporates each of the above specifications of error. *Held:*

1. On direct examination the State's attorney asked the witness this question: "Any particular reason why they have burglar alarms?" to which the witness answered, "A lot of robberies have been going on around there." The court immediately took action by stating, "Rule that out. It is not material to the case." Thereafter, counsel for defendant made a motion for mistrial, which was denied. The court in the exercise of its broad discretion quickly acted to remedy the error, if any. See *Manchester v. State,* 171 Ga. 121, 132 (155 SE 11); *Johnson v. State,* 209 Ga. 333 (6) (72 SE2d 291). However, we find no error in this complaint, since it was relevant to show the conditions existing in the neighborhood where the alleged crime occurred. See *James v. State,* 223 Ga. 677, 684 (157 SE2d 471).

2. During a recess the State's attorney held a conference outside the courtroom with two of the witnesses yet to testify and witnesses who had already testified. Counsel for the accused

moved to exclude the testimony of two witnesses who had not testified for violation of the sequestration rule. The court refused to do so.

The decisions by the appellate courts of Georgia have not been completely harmonious on this subject. There is a line of cases which hold that a witness who violates the rule of sequestration may be punished for contempt but his testimony may not be rejected. *Howard v. Echols,* 31 Ga. App. 420 (1) (120 SE 815); *Pope v. State,* 42 Ga. App. 680 (7) (157 SE 211); *Edwards v. State,* 55 Ga. App. 187 (189 SE 678); *Shelton v. State,* 111 Ga. App. 351 (1) (141 SE2d 776), certified question answered (same case), 220 Ga. 610 (140 SE2d 839). But there is another line of cases which hold that a litigant has an absolute right to have the witnesses sequestered, so they may not be permitted to hear each other testify. This is, of course, subject to certain exceptions, including the court's discretion in allowing officers of the law to remain in the courtroom to assist the court and preserve order; allowing a witness who assists in the trial to remain, etc. But unless within an exception, the rule of sequestration must be observed where invoked, and a denial thereof has been held absolute ground for a new trial. In the case of *Massey v. State,* 220 Ga. 883 (4) (142 SE2d 832), the litigant objected to the witness testifying because of violation of the rule of sequestration. The Supreme Court held this complaint was actually directed to the failure to grant the right of sequestration under *Code* § 38-1703 (although the litigant simply objected to the witness testifying as being incompetent), and granted a new trial. Also see *Head v. State,* 111 Ga. App. 14 (140 SE2d 291); *Poultryland, Inc. v. Anderson,* 200 Ga. 549 (37 SE2d 785); *Montos v. State,* 212 Ga. 764 (95 SE2d 792).

In the case sub judice counsel for defendant stated to the trial court that there had been a conference or discussion in the hall during recess between certain witnesses who had already testified, and two witnesses who had not yet testified, in which the district attorney participated, and that the testimony that had been delivered was discussed during that conference. The district attorney stated that he had discussed the case during recess with the witnesses which he contended he had a right to do.

No denial was made of the statement of defendant's counsel.

Objection was made to these two witnesses testifying upon the basis of violation of the rule of sequestration and they were permitted to testify over objection. We feel that the defendant was thus denied his right to sequestration of witnesses under *Code* § 38-1703, necessitating a new trial.

3. When a police officer testifies as to his investigation of a case as original evidence under the authority of *Code* § 38-302 and gives some of the testimony as to his conversation with the defendant, any statement of the defendant to said policeman denying this burglary would not be subject to the hearsay rule as being self-serving. Defense counsel was entitled to a thorough and sifting cross examination as to all that was said to the officer immediately after the defendant was detained (the officer denying that he had arrested him). The hearsay rule as to self-serving declarations does not apply where (1) made in the presence of the opposite party; or (2) *they are part of a conversation of which some other part has already been permitted in evidence. Monroe v. State, 5 Ga. 85 (1); Mineola Mill Co. v. Griffin, 18 Ga. App. 668 (2) (90 SE 360); Miller v. State, 73 Ga. App. 810 (4) (38 SE2d 180).* The court erred in refusing to allow the officer to testify as to whether he asked the defendant if "he attempted to break into this house."

4. While the jury returned a verdict of attempted burglary instead of burglary, which is a lesser crime than that charged, there was evidence, both direct and circumstantial, sufficient to support it, and the general grounds of the motion for new trial and the other enumerations of error based thereon are not meritorious. New Criminal Code § 26-1005 (Ga. L. 1968, pp. 1249, 1275); *Shedd v. State,* 178 Ga. 653 (173 SE 847); *Wrisper v. State,* 193 Ga. 157 (17 SE2d 714).

5. For the reasons stated in Headnotes 2 and 3 above, a new trial is necessary.

*Judgment reversed. Jordan, P. J., and Quillian, J., concur.*

Argued June 29, 1971—Decided September 9, 1971—

Rehearing denied September 29, 1971.

*Edwin M. Saginar, Paul L. Wayman,* for appellant.
*Lewis R. Slaton, District Attorney, Carter Goode, Thomas W. Hayes, Joel M. Feldman,* for appellee.