### 46561. HAMMOND v. THE STATE.

HALL, Presiding Judge. Defendant appeals from his conviction for aggravated sodomy and from the denial of his motion for new trial.

Defendant and three others were jointly indicted for terrorizing a 15-year-old girl into committing acts of sodomy against her will. Defendant was a member of a motorcycle group known as the Prophets. The girl was, in the parlance of the group, the "old lady" of another member (not one of those indicted). There is no doubt she willingly attached herself to this group, but it appears that her boy friend later became annoyed when she tore a patch off his jacket and decided to punish her by various means, including the sharing of her favors. According to her testimony, he was the one who made the threats which caused her to commit the act of sodomy with defendant.

1. We see nothing to be gained by spelling out the testimony here. Although perhaps vague and equivocal, the evidence would authorize the verdict.

2. Defendant contends the court erred in denying his motion to suppress, and in subsequently admitting into evidence, a semi-automatic rifle and some bullets because they were illegally seized under an invalid warrant. We agree. The affidavit sets out absolutely no facts which would establish probable cause. It merely states that the officer saw the gun in the house and then sets out his bald conclusions that "it is kept . . . for illegal purposes" and "is subject to seizure as an instrumentality for committing a crime and as evidence of the crime that has been committed." The issuing magistrate may or may not have inquired, what crime? If he did, he would have received no answer. This gun was never linked to any crime that the record discloses, and certainly not to the one with which defendant was charged. The court erred in denying the motion to suppress and in subsequently admitting this gun and bullets into evidence. Since the evidence does not demand a verdict against defendant, we cannot say the error was harmless. *Moyers v. State,* 58 Ga. App. 237 (198 SE 283).

3. Defendant vigorously argued on appeal that the repeated admission of various testimony concerning the life style of the Prophets was erroneous as it had no relevance to the crime charged and was clearly used to place defendant's character in issue. While we believe he is correct, he did not make this objection below. His objections were vague and general. We cannot now consider an objection the trial court had no opportunity to rule upon. *State Hwy. Dept. v. Robinson,* 103 Ga. App. 12 (1) (118 SE2d 289).

4. Defendant contends the court erred in charging on conspiracy when there was absolutely no evidence of a conspiracy. The evidence, though circumstantial, was there. While defendant allegedly committed the act, another person made the threats which caused the offense to become "aggravated." Since made in his presence, it may be inferred that defendant acquiesced in the threats and thereby became part of a conspiracy to commit the offense charged and bound by the acts (threats) of the other. The charge was therefore authorized.

5. Defendant contends the court erred in charging that his statement was "not evidence as is the testimony of witnesses deliv-

ered under oath." He contends this was comment on his failure to testify which is forbidden by *Code Ann.* § 38-415. Of course, any unsworn testimony is not technically evidence; however, if the sentence above stood alone, it might be considered comment. In fact, the sentence is in the middle of a paragraph which, among other favorable things, authorizes the jury to believe defendant's statement in preference to sworn testimony. The entire charge on defendant's statement closely parallels one which this court has approved. See *Harris v. State,* 118 Ga. App. 848 (166 SE2d 94).

6. Defendant contends the court erred in refusing a change of venue. On his motion he submitted many newspaper articles which might have been inclined to influence the veniremen to the prejudice of defendant. Assuming without deciding that a change of venue was indicated at 'that time, we believe a sufficient amount of time has elapsed since then for any "pervasive prejudice" to have died down and that upon retrial, defendant can obtain an impartial jury. See *Lingo v. State,* 224 Ga. 333 (162 SE2d 1).

*Judgment reversed. Eberhardt and Whitman, JJ., concur.*
ARGUED SEPTEMBER 20, 1971—DECIDED OCTOBER 4, 1971.

*Albert M. Horn,* for appellant.
*Ben F. Smith, District Attorney,* for appellee.