### 46723. NICHOLSON v. THE STATE.

HALL, Presiding Judge. Defendant appeals from his conviction for criminal trespass and possession of tools for the commission of a crime.

Defendant and another man were taken into custody by a security guard in the parking lot of an apartment building when the guard discovered them acting suspiciously near a car. Defendant was standing close at hand outside while the other man was lying on the seat. The door of the glove compartment was open. The owner of the car told the investigating officers, and later testified, that the glove compartment and the car doors had been locked. The guard took both men to his office. He asked them to empty their pockets and then called the police. Two articles which came from defendant's pocket were later identified by a police expert as "pressure bars"—devices for opening a lock in conjunction with lock picks. The police also found a set of lock picks under the desk in the guard's office and found a bent screwdriver and a bent wire hook in the car. Defendant and the other man were jointly indicted for possession of these tools. The other man died before this trial.

1. Defendant contends the court not only erred in admitting certain evidence, but in doing so, violated several of his constitutional rights. The State offered the testimony of several police officers that on two dates *after* his arrest for the crime for which he was tried here, he was found in possession of lock picks. It appears that on each of these occasions, the police contact involved some sort of alleged disorderly conduct on defendant's part. The lock picks came to light during an accompanying search, and defendant was charged both times with possession of

burglary tools. However, defendant was never indicted for these offenses and the circumstances strongly indicate he never will be. In both instances, there were no apparent facts suggesting that defendant intended to use the tools for the commission of a crime—an essential element of the offense. See *Code Ann.* § 26-1602.

Defendant not only objected to the admission of the testimony as irrelevant conduct in other transactions, but asked for a hearing out of the presence of the jury on the legality of the police procedure which produced the evidence. The court overruled the objections, allowing the testimony for the limited purpose of showing "intent, motive, plan, scheme and course of conduct." The court also refused a hearing or a ruling on the legality of these subsequent arrests on the ground that the proper time to raise the issue was at the trial of these offenses.

2. There are several different questions involved here, the most important being the admissibility of evidence claimed to be procured through an illegal search and seizure. Evidence which would be inadmissible (under well understood principles of constitutional law) at the trial of an offense, does not become admissible at the trial of an earlier offense because its challenge is deemed premature. If the "fruit of the poisoned tree" doctrine does not operate after a man has been arrested and indicted, then the police and prosecutor would have a blank check to fortify a weak case by any means they chose. The possibility for abuse is obvious. We do not mean to suggest that this was the case here. However, a defendant has a right to a hearing and determination on this type of issue before such evidence may otherwise be considered for admission.

3. Nevertheless, the evidence here is not admissible in any event. We recognize that the rulings of this court have not been consistent in finding that particular types of evidence fit an exception to the general rule of *Code* § 38-202 (that a defendant's conduct in other transactions is irrelevant). The Supreme Court has stated repeatedly

that evidence of the commission of a wholly distinct crime, even of the same sort, is inadmissible unless there is a close, logical connection between the two crimes such that proof of the one tends to establish the other. *Bacon v. State,* 209 Ga. 261 (71 SE2d 615); *Wilson v. State,* 212 Ga. 412 (93 SE2d 354); *Wood v. State,* 224 Ga. 121 (160 SE2d 368). In *Bacon,* the court cited approvingly the dissenting opinion in *Hodges v. State,* 85 Ga. App. 617, 622 (70 SE2d 48) which lists the various exceptions to the rule and explains the meaning and rationale of some which have caused the most misunderstanding because of the general nature of the descriptive word.

Therefore, while the exceptions exist in number and strength, admissibility is not created by merely listing several of them and instructing the jury to limit its consideration of the evidence accordingly. If this court is not completely clear on what "plan," "scheme," or "course of conduct" may be, a jury would be completely confused. It could well believe that, e.g., a "plan" to commit burglaries at every good opportunity is shown by other burglaries committed by a defendant, so he probably committed this one. This is the very purpose of the general rule—to prevent a conviction for a particular crime based upon a showing of a criminal "bent of mind." See *Lee v. State,* 8 Ga. App. 413 (69 SE 310).

In every instance, a trial court must determine whether the offered evidence logically tends to prove a particular exception in its special meaning. Thus a plan, scheme, device, design, etc. means a peculiar or distinctive method of committing a crime which, if employed at another time by an accused, would tend to show he was the one who employed it this time.

Here we have two arrests for what appears to be disorderly conduct and the finding of lock picks on defendant's person. The "crime" here, if any, is the disorderly conduct which, of course, is in no way relevant to the crime for which he was tried. The mere possession of lock picks

when brawling does not prove: an intent to use them for a criminal purpose some other time; or a plan to commit theft from automobiles by the use of lock picks; or a motive for this particular act of criminal trespass; or a course of conduct in which one act is linked to, and leads, to, the other.

What does this evidence tend to prove? That defendant habitually carries lock picks. This gives rise to the inference that he is a suspicious character and probably guilty of this crime. We are back to the basic purpose of the general rule which has been called "a fundamental principle in our system of jurisprudence, intended to protect the individual who is charged with crime, and to insure him of a fair and impartial trial . . ." *Bacon v. State,* supra, p. 262. If we do not agree with this premise, we should question it openly. To circumvent it by slipshod reasoning on a case by case basis results in confusion for the trial courts which must apply the rules.

It should be noted that the loss of this evidence does not prevent the conviction of this defendant. The other evidence is completely sufficient to support the verdict. However, it does not demand a verdict, so we cannot say the erroneous admission was not prejudicial. A new trial is necessary. *Moyers v. State,* 58 Ga. App. 237 (198 SE 283); *Hammond v. State,* 124 Ga. App. 523 (184 SE2d 512).

4. The remaining enumerations of error are either without merit or they are unlikely to occur on another trial.

*Judgment reversed. Jordan, P. J., and Eberhardt, J., concur. Whitman, J., not participating because of illness.*

SUBMITTED NOVEMBER 3, 1971—DECIDED NOVEMBER 17, 1971.

*Garland & Garland, Edward T. M. Garland,* for appellant.

*Lewis R. Slaton, District Attorney, Carter Goode, Jack E. Mallard, Joel M. Feldman,* for appellee.