49751. SILAS v. THE STATE.

CLARK, Judge.

In this appeal from a felony conviction for possession of 93 pounds of marijuana a reversal is sought on two enumerations of error: (1) denial of the motion to suppress; and (2) admission of testimony by a sequestered witness who allegedly met with another witness and the assistant district attorney during the trial and prior to being put on the stand.

1. The search and seizure admittedly occurred without a warrant and at a time when defendant was driving his vehicle in a lawful manner. The arrest resulted from an "all points" broadcast to law enforcement officers along I-75 to be on the "lookout for a white over orange pickup truck, white roof and orange body with a camper cover, with an Alabama tag, and tag number 47 P (Paul) 1123, occupied by two white males, extremely dangerous and armed, and wanted by the Customs Department." (Transcript of hearing on motion to suppress, p. 18).

Unknown at this time to the local officers but later presented at the trial, the information came from the United States Customs Service which had trailed an airplane transporting the marijuana from its origin on a foreign offshore island until its landing at a small Georgia town where the contraband had been transferred to the described vehicle. Because of the hearsay nature of the broadcast which served as the basis of the arrest, appellant argues lack of probable cause. Such contention lacks merit.

The facts here are similar to those appearing in *Meneghan v. State,* 132 Ga. App. 380 (208 SE2d 150). There at p. 383 this court said "That factual information is relayed by police to other law enforcement officers does not render it per se subject to a 'double hearsay' objection, the question being whether probable cause is shown. [Cit.]" "When a police officer is the informant the reliability of the informant is presumed as a matter of law. [Cit.]" *Quinn v. State,* 132 Ga. App. 395, 396 (1) (208 SE2d 263). See also *Cunningham v. State,* 133 Ga. App. 305.

"It is not required that the officer have legal evidence of the suspected act, and it is not necessary that he be convinced of the violation beyond a reasonable doubt; the limit of the requirement is that the facts which have come to the officer's attention would lead a reasonably discreet and prudent man, in the same circumstances, to believe that contraband is illegally possessed in the vehicle to be searched." 79 CJS 839, Searches and Seizures, § 66. The instant situation with its specificity as to type of vehicle, tag license number, description of occupants, and source of report, constituted sufficient cause for the conduct of the law enforcement officers here. As was said in Adams v. Williams, 407 U. S. 143, 145 (92 SC 1921, 32 LE2d 612): "In Terry [Terry v. Ohio, 392 U. S. 1 (88 SC 1868, 20 LE2d 889)] this court recognized that 'a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest.' . . . The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. On the contrary, Terry recognizes that it may be the essence of good police work to adopt an intermediate response . . . A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time."

2. We also find no merit in the other enumeration alleging error in permitting the testimony of a witness who was alleged to have violated the sequestration rule.

The instant case differs from *Rozier v. State,* 124 Ga. App. 481, 482 (2) (184 SE2d 203) where there was a clear showing as to the violation including a discussion as to the testimony with extra-judicial participation by the district attorney. This is not the case at bar. Here the evidence (T. 117-118) was that the individual was present in the hall during a discussion between the district attorney and a witness during recess but who did not participate in that discussion. When this individual, a detective, took the stand, defense counsel expressed an objection but made no showing that the witness had in fact violated the sequestration rule. Nor was there any interrogation of this witness concerning whether he had participated in the recess hall discussion or in fact had overheard what had been said. A review of his testimony shows his evidence to have been limited to his participation in the arrest proceedings. Accordingly, error, if any, must be held harmless. Today's jurisprudential philosophy is expressed by the United States Supreme Court to be that "a defendant is entitled to a fair trial but not a perfect one," for there are no perfect trials. Lutwak v. United States, 344 U. S. 604, 619 (73 SC 481, 97 LE 593); Bruton v. United States, 391 U. S. 123, 135 (88 SC 1620, 20 LE2d 476); Brown v. United States, 411 U. S. 223 (93 SC 1565, 36 LE2d 208).

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

Argued October 7, 1974 — Decided November 21, 1974 — Rehearing denied December 16, 1974.

*Leonard Cohen,* for appellant.
*William H. Ison, District Attorney,* for appellee.