### 51358. McFARLAND v. THE STATE.

MARSHALL, Judge.

Appellant was convicted of the misdemeanor of keeping a gambling place and sentenced to 12 months and a $5,000 fine. In his appeal, he enumerates 31 errors dealing principally with (1) the sufficiency of the evidence, (2) probable cause for the issuance of a search warrant, (3) hearsay testimony, (4) the reopening of the state's case, and (5) closing remarks of the prosecuting attorney. *Held:*

1. Appellee's motion to dismiss the appeal is denied. Appellant's motion for new trial was based on the same grounds enumerated as error in this appeal; his appeal is

from the judgment and conviction and not from the denial of his motion for new trial; and the denial of his motion is not enumerated as error. *Hill v. Willis,* 224 Ga. 263 (161 SE2d 281). Nevertheless, Rule 14 (e) of the Court of Appeals, 124 Ga. App. 873, (that the enumerations are deemed to present for review all judgments necessary for determination of the errors specified) has been held to supersede *Hill v. Willis,* supra. *Echols v. State,* 134 Ga. App. 216 (1) (213 SE2d 907).

2. Enumerations 1, 2, 3, 15, 25, and 26 contest the sufficiency of the evidence on general grounds and on the specific ground that the lottery paraphernalia seized at the club was not shown to be under the appellant's control. The evidence at trial showed that on the night of March 30, 1974, a raid and search was conducted by the Georgia Bureau of Investigation on the Lowndes County Country Club. The club had been surveilled by GBI agents for three weeks prior to the raid and appellant had been seen frequently seated at the front door of the club greeting the numerous people coming into and going from the club. As a result of the raid, numerous items of gambling paraphernalia (adding machines, note pads with numbers on them, tapes, numerous slips of paper with numbers on them, cans and cartons of money, a "bingo ball barrel," sacks of slips of paper) were found on two large tables in a back room of the club. In the qualified opinion of the witness, the materials were lottery records. In addition, appellant lived in a trailer approximately 200 feet from the club with a path running from the trailer to the club. A search of appellant's trailer revealed other tablets and slips of paper with numbers and more currency. The appellant had also told investigators that he had an office in the club building from which he conducted business for his farming operations. The evidence was sufficient to establish that appellant was keeping a gambling place.

3. In Enumerations 4, 5, 6, 7 and 13, appellant sets forth various reasons why his motion to suppress should have been granted. The affidavit, written by a GBI agent and submitted in support of the warrant, was a lengthy eight-page chronicle summarizing approximately three weeks of GBI surveillance of the Lowndes County

Country Club and various "writers" who were seen at the club. Shorn of its irrelevant statements and its occasional opinions or conclusions and of its obvious stale information, the affidavit states that: On February 8, 1974, a reliable informant (reliability is not contested except as to the source of some facts stated) told another agent who told affiant that he had bought bolita numbers from a writer named Simpson and one named Warren. Subsequently, on March 8, affiant observed Simpson drive to several places around Valdosta meeting with various people at each stop. The following Friday, March 15, Simpson was again observed driving to several places around town and ending up at appellant's trailer and the country club. The following Friday, numerous persons were seen entering and leaving the club. At least one of these persons handed appellant a package, which appellant took to his trailer. Later that evening Simpson arrived at the club and was greeted by appellant, stayed for a short while and then departed.

This information was sufficient to show gambling activities and to establish probable cause for a search of the club and appellant's trailer. "The test of probable cause is whether it would justify a man of reasonable caution in believing that an offense has been or is being committed, and this requires merely a probability—less than a certainty but more than a mere suspicion or possibility. [Cits.]" *Butler v. State,* 130 Ga. App. 469, 470 (203 SE2d 558). It is true that these facts may have shown innocent activity, but it is not necessary that the related information exclude every possibility that the observed activity is innocuous, only that it show with reasonable certainty that the activity was, in fact, criminal. There is a great " 'difference between what is required to prove guilt in a criminal case and what is required to show probable cause for arrest or search.' [Cits.]" *Baxter v. State,* 134 Ga. App. 286, 288 (214 SE2d 578). Nor did the manner in which the search was conducted require the exclusion of the evidence seized at the club or permit cross examination on this matter. The record shows that no evidence was seized as result of the alleged offensive aspects of the search.

4. Enumerations 9, 10 and 11 concern testimony

from various witnesses which was objected to as hearsay. As to the testimony in Enumeration 9, it was not hearsay. Code § 38-302. The objections to testimony specified in Enumerations 10 and 11 was sustained by the trial judge and the jury instructed to disregard it.

5. In Enumerations 16, 17, 18 and 28, the appellant raises the issue of whether the trial court erred in allowing the state to reopen its case after both sides had rested and the appellant had moved for a directed verdict of acquittal. The district attorney moved to reopen its case because, as he told the trial judge, he had inadvertently neglected to ask a witness certain questions which had bearing on appellant's control and operation of the club.

Allowing the state to reopen its case is a matter within the discretion of the trial judge and we find no abuse of that discretion in this case. *Jacobs v. State,* 134 Ga. App. 527 (2) (215 SE2d 279); *Davis v. State,* 127 Ga. App. 76 (3) (192 SE2d 538). Nor does the fact that the witness violated the rule of sequestration affect the admissibility of his testimony, though it may affect his credit, as appellant's counsel recognized in its cross examination of the witness. Code § 38-1703. In this case, the witness discussed his testimony with the district attorney and with another person who was not called as a witness. Under these circumstances, the trial judge did not abuse his discretion. Compare, *Rozier v. State,* 124 Ga. App. 481 (2) (184 SE2d 203) and *Silas v. State,* 133 Ga. App. 560 (2) (211 SE2d 609). Finally, the testimony of this witness, concerning keys he found while executing the search warrant of appellant's trailer, was not inadmissible as a result of violation of appellant's Fourth Amendment rights. The keys were found within the authority of the search warrant.

6. In Enumeration 19, appellant contends the court erred in denying his motion for mistrial when the district attorney made admittedly improper remarks during his closing argument. The record shows that the district attorney apologized and the court clearly instructed the jury to disregard the remark. We have carefully reviewed the circumstances of this remark and its treatment by the court and are satisfied that "... the corrective action taken by the trial judge formed a basis sufficient to support his

discretionary judgment in denying the motion for mistrial." *Hutto v. State,* 116 Ga. App. 140, 141 (156 SE2d 498).

7. Other enumerations have not been argued in appellant's brief and are, therefore, deemed abandoned. Rule 18 (c)(2), Rules of Court of Appeals.

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

ARGUED OCTOBER 7, 1975 — DECIDED JANUARY 6, 1976 — REHEARING DENIED JANUARY 23, 1976 —

*Blackburn & Bright, Herbert Shafer, J. Converse Bright,* for appellant.

*George T. Talley, Solicitor,* for appellee.