## 53886. LITTLE v. THE STATE.

BANKE, Judge.

The defendant appeals from his conviction of voluntary manslaughter.

1. The defendant, while intoxicated, choked his girl friend to death. Approximately fifteen minutes later, he notified his brother of the incident and the police were called. While the defendant was still under the influence of alcohol, he was given his Miranda rights several times (to make sure that he understood), and subsequently made incriminatory statements. The defendant enumerates as error the trial judge's ruling, after a Jackson v. Denno hearing, that the defendant had clearly understood his Miranda warnings and that the statements were admissible in evidence.

The defendant contends that his drunken state and illiteracy rendered the warnings totally ineffective. However, this contention is without merit. The preponderance of the evidence at the Jackson v. Denno hearing indicated that the defendant was not so intoxicated as to be incapable of understanding what was said to him. The trial judge was satisfied "that the rights

were adequately explained by the officers and were clearly understood by Mr. Little." See *Stapleton v. State,* 235 Ga. 513 (1) (220 SE2d 269) (1975); *Hayes v. State,* 235 Ga. 46 (218 SE2d 798) (1975). "Factual and credibility determinations of this sort made by a trial judge after a suppression hearing must be accepted by appellate courts unless such determinations are clearly erroneous. See Lego v. Twomey, 404 U. S. 477 (92 SC 619, 30 LE2d 618) (1972), and United States v. Watson, 469 F2d 362 (5th Cir. 1972)." *Johnson v. State,* 233 Ga. 58 (209 SE2d 629) (1974).

2. The defendant claims that the trial judge erred in denying his motion for mistrial based on a witness' violation of the sequestration order. The offending witness remarked in the presence of witnesses yet to testify that, after four years, he couldn't remember whose pen was used by the defendant to sign a statement or where each person sat in the car which carried the defendant to police headquarters. Under the facts of this case, the judge did not abuse his broad discretion by refusing to grant a mistrial. See *Pearley v. State,* 235 Ga. 276, 277 (219 SE2d 404) (1974); *Byrd v. Brand,* 140 Ga. App. 135 (4) (230 SE2d 113) (1976); *McFarland v. State,* 137 Ga. App. 354 (6) (223 SE2d 739) (1976); *Silas v. State,* 133 Ga. App. 560 (2) (211 SE2d 609) (1974).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED MAY 9, 1977 — DECIDED MAY 19, 1977.

*Baker, Knapp, Conrad & Abernathy, H. Clifton Conrad, Jr., Elliott R. Baker,* for appellant.

*C. B. Holcomb, District Attorney, Frank C. Mills, III, Assistant District Attorney,* for appellee.