## 55942. KING v. THE STATE.

BIRDSONG, Judge.

King appeals his conviction, by a jury, of voluntary manslaughter. *Held:*

1. The evidence was sufficient to support the verdict.

2. Appellant contends that the trial court erred in admitting testimony from one Hulen Jimmy Gray, a witness for the state, on the ground that the state did not satisfactorily comply with Code Ann. § 27-1403. That section requires that the prosecution, on demand, furnish the accused " a list of the witnesses on whose testimony the charge against him is founded."

The transcript discloses that, upon objection to the witness' testimony, the trial judge determined that defense counsel had in fact been furnished, prior to trial, with the name of "Hulen Gray, spelled G-r-e-y, or G-u-y" as well as Mr. Gray's telephone number and address. Furthermore, the trial court recessed the trial to allow defense counsel the opportunity to interview the witness. Before the witness testified, defense counsel made no motion for continuance or other time-gaining procedure.

In *Hicks v. State,* 232 Ga. 393, 399 (207 SE2d 30), the Supreme Court considered the purpose of Code Ann. § 27-1403, with regard to the accused's right to a witness list, and stated: "It is evident that the transcending purpose of this Code section is to insure that an accused is not confronted at trial with testimony against him from witnesses whom he has not had the opportunity to interview prior to trial." Under the circumstances, the appellant has shown neither substantial prejudice to his rights nor that the purpose of Code Ann. § 27-1403 was not substantially satisfied. *Huff v. State,* 141 Ga. App. 66 (232 SE2d 403); *Butler v. State,* 139 Ga. App. 92 (227 SE2d 889); *Hibbs v. State,* 133 Ga. App. 407 (211 SE2d 24).

3. Appellant objects to the admission of testimony of one Michael Cook. The transcript reveals that, while Cook was being interviewed by the prosecutor, a witness who had already testified stood in the doorway of the room in which the interview took place, ostensibly for the purpose of keeping others away. Cook testified that no conversation took place between the witness and himself.

Under these circumstances, *Rozier v. State,* 124 Ga. App. 481 (184 SE2d 203), is not controlling, and the trial court did not err in permitting Cook to testify. *Watts v. State,* 239 Ga. 725 (238 SE2d 894); *Lockleer v. State,* 144 Ga. App. 493 (241 SE2d 613); *Silas v. State,* 133 Ga. App. 560 (211 SE2d 609).

4. For the reasons stated above, the trial court did not err in overruling appellant's motion for new trial.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

SUBMITTED MAY 22, 1978 — DECIDED JULY 10, 1978 — REHEARING DENIED JULY 31, 1978 — 

*Wesley R. Asinof, Donald B. Howe, Jr., Jesse G. Bowles, III,* for appellant.

*John T. Perren, District Attorney, Kenneth L. Shigley, Assistant District Attorney,* for appellee.