## 60765. MILLER v. THE STATE.

QUILLIAN, Presiding Judge.
Defendant appeals his conviction for armed robbery.

The indictment stated that defendant took from a named person currency "property of Church's Fried Chicken, Inc." At the close of evidence defendant moved for a directed verdict on the grounds of fatal variance because the state's evidence only showed that the currency was the property of Church's Fried Chicken, with no evidence of the full corporate name. Without ruling on the motion the trial court permitted the state to reopen its case and present

evidence that the currency was the property of Church's Fried Chicken, Incorporated. Although defendant renewed the motion, the trial court did not grant it. *Held:*

1. The trial court did not err in failing to grant the motion for a directed verdict. Similar variances have not been found fatal in robbery cases.

"Where the unobjected-to indictment [for armed robbery] alleges the theft of money . . . the property of 'Western Union Telegraph Co.,' which constitutes 'another' under the provision of the criminal code [Cits.], and where an employee of said corporation testified that the money taken from him was that of 'Western Union Telegraph' it is obvious from the context that the reference is to the entity named in the indictment as the owner; therefore, there is no variance . . ." *Massey v. State,* 226 Ga. 703 (5) 705 (177 SE2d 79). See also *Hunt v. State,* 229 Ga. 869 (195 SE2d 31) and *Carton v. State,* 146 Ga. App. 137 (245 SE2d 487). Any question of variance also disappeared when the state reopened and presented evidence that the currency was the property of Church's Fried Chicken, Incorporated.

2. In *McFarland v. State,* 137 Ga. App. 354, 357 (5) (223 SE2d 739), it was held that allowing the state to reopen was a matter within the discretion of the trial judge and that the judge did not abuse that discretion by allowing the state to reopen after both sides had rested and after a motion for directed verdict had been made by defendant. We likewise find no abuse of discretion in permitting the reopening in this case although our finding in the foregoing division indicates the reopening was not necessary.

3. The third enumeration is without merit.

4. The trial court also did not err in denying a motion for new trial on the general grounds. Our examination of the evidence reveals an ample sufficiency thereof to authorize rational jurors to find guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Shulman and Carley, JJ., concur.*

SUBMITTED OCTOBER 6, 1980 — DECIDED NOVEMBER 3, 1980 — REHEARING DENIED DECEMBER 4, 1980.

*Stephen E. Curry,* for appellant.
*Richard E. Allen, District Attorney, James W. Purcell, Assistant District Attorney,* for appellee.