## 65015. PAYMENT v. THE STATE.

BIRDSONG, Judge.

Jonathan Payment was convicted of aggravated battery and sentenced to fourteen years, nine to serve, followed by five on probation. He brings this appeal enumerating four alleged errors. *Held:*

Though the facts are somewhat disputed or confused as to provocatory acts or remarks by the victim (an off-duty deputy sheriff), there is no dispute that Payment did strike the victim in the face with a full bottle of beer and when the victim fell to the floor, Payment repeatedly and rapidly struck the victim in the face with his fist resulting in a shattered jaw and the loss of vision in an eye.

1. In his first enumeration of error, Payment argues the trial court erred in allowing the state to offer the testimony of two medical witnesses after the state had rested. The factual basis for this occurrence was that after the state had called all its available witnesses, two medical witnesses (a dentist who would ultimately testify to the dental damage and repairs and a doctor who would testify to the optical damage) were not then available and would not be available for several hours. Both witnesses had been present earlier but because of a snow storm were not available at the time. When the state exhausted its witnesses, it suggested that it preliminarily rest its case subject to reopening when the doctors became available and thus not unduly delay the proceedings. This procedure was not acceptable to the defense but was allowed by the court. When called to testify, neither witness testified to anything other than expert medical or dental testimony.

Reopening evidence is a matter wholly within the discretion of the trial court. Under the circumstances, we fully support the efforts of the trial court to maintain an orderly and timely presentation of evidence within restraints of an overburdened docket and in the interest of justice. We find no abuse of judicial discretion in this case. *Page v. State,* 249 Ga. 648 (2c) (292 SE2d 850); *Miller v. State,* 156 Ga. App. 690 (2) (275 SE2d 663).

2. In his second enumeration of error, Payment complains the trial court erred by allowing evidence of uncharged acts of misconduct which were not attributable to appellant. We find this enumeration to be wholly without merit. The state attempted to offer evidence tending to show racial prejudice, apparently hoping to show that Payment's attack upon the victim was racially motivated. All the evidence except one innocuous reference to finding a person behind the business establishment (a meaningless reference) was offered by the state outside the presence of the jury. Upon objection this evidence was not allowed and never came to the attention of the jury. The one reference before the jury to a person being found behind the building received no objection.

3. Appellant, in enumeration of error 3, argues the trial court refused a request to charge and thus gave an inadequate charge on the issue of justification. Payment had argued that he thought the victim had a gun and that he, Payment, only used such force as was necessary under the circumstances. However, we note that appellant's request injected argumentative matters into the charge on justification. The charge actually given was taken directly from Code Ann. § 26-902. It covered correctly and fully the principles raised by the evidence and was properly includable in appellant's request. Where the requested charge is covered in the language utilized by the trial court, error does not result from a failure to use the exact language of the request. *Hall v. State,* 155 Ga. App. 724, 725 (3) (272 SE2d 578). This is especially true where the charge given is in the language of the appropriate statute and covers the issue in the case and the subject matter of the request. *McCane v. State,* 147 Ga. App. 730, 731 (250 SE2d 181). There is no merit in this enumeration.

4. In his last enumeration, appellant contends the trial court expanded the indictment by its instructions. The indictment alleged an aggravated battery by depriving the victim of his sight through the act of striking the victim in the head with a glass bottle. Witnesses testified that Payment first struck the victim with a beer bottle and then when the victim fell to the floor, Payment repeatedly struck the victim in the head with his fist. There was medical testimony that probably one blow from a bottle would not cause an eye to be displaced from its socket but that repeated blows with the fist might. Based upon this, Payment contends the trial court expanded the indictment by charging that the jury could find guilt as charged if the jury were convinced beyond reasonable doubt that Payment used a bottle and his fist resulting in loss of vision. Neither the evidence nor the charge precluded a finding that the loss of vision resulted from use of a bottle as a weapon and, in fact, except for the blow with the

bottle rendering the victim helpless, there is no indication that fists would have been used. The charge was wholly responsive to the evidence and authorized a finding of aggravated battery by use of a bottle as a weapon. This was the form of the indictment and the finding of the jury, and that verdict was fully supported by the evidence. At worst the addition of the word "fist" was an unnecessary addition and was not necessary of proof. As such it needed not be proven or if proven was wholly redundant to proof of guilt. *Abercrombie v. State,* 145 Ga. App. 204 (243 SE2d 567). See also *Jackson v. State,* 158 Ga. App. 702 (3) (282 SE2d 181); *Brawner v. State,* 81 Ga. App. 163 (3) (58 SE2d 238). We find no error in the last enumeration.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED DECEMBER 2, 1982 —
REHEARING DENIED DECEMBER 16, 1982.

John T. Chason, for appellant.
Lewis R. Slaton, District Attorney, Joseph J. Drolet, Russell J. Parker, Assistant District Attorneys, for appellee.