66824. BRYAN v. THE STATE.

BIRDSONG, Judge.

John Kevin Bryan was convicted of the offense of selling cocaine in violation of the Georgia Controlled Substances Act. He enumerates five errors below. *Held:*

1. After submitting direct evidence as to the sale of cocaine, the chain of custody of the white powdery substance sold by appellant, and the expert identification of the white powdery substance as cocaine, the state inadvertently rested its case without tendering the substance into evidence. The trial court did not err in refusing to direct a verdict of acquittal on these grounds. It is well settled that it is within the discretion of the trial court to permit the state to reopen its case after the close of the evidence (*Leach v. State,* 143 Ga. App. 598, 601 (239 SE2d 177)); and the trial court may deny a directed verdict of acquittal to permit the state to proffer evidence previously overlooked. *Miller v. State,* 156 Ga. App. 690 (2) (275 SE2d 663); *McFarland v. State,* 137 Ga. App. 354, 357 (5) (223 SE2d 739). Appellant demurred at trial that this is not "the way the game is played"; but it was within the discretion of the trial court to prevent

this procedural technicality of rule without substance from perverting justice. The trial court did not abuse its discretion in permitting the state to reopen to prove its prima facie case.

2. Appellant contends his character was impermissibly introduced into evidence and that he was therefore entitled to a mistrial, because when asked by the state why she became involved specifically in the case against appellant, the confidential informant volunteered: "Well, they had already—Douglas County Sheriff's Department had already had some information on Kevin."

We agree that this statement does seem to threaten the rule against offering the defendant's character into evidence, but it falls short of irremediably violating the rule. The ambiguous statement concerning "information" does not of itself indelibly paint a picture of appellant as being of bad character, as appellant suggests, nor does it by itself show appellant to be of a criminal "bent of mind" (see *Nicholson v. State,* 125 Ga. App. 24 (186 SE2d 287)). The statement was not a deliberate attempt by an experienced police officer to blacken appellant's character by reference to "information," which could have been more pointed in import and less ambivalent. *Jackson v. State,* 156 Ga. App. 255, 256 (274 SE2d 665). Moreover, the trial court fully instructed the jury that the statement was improper and was to be removed from their minds, as only the evidence in this particular incident could be considered. *Holcomb v. State,* 130 Ga. App. 154, 155 (202 SE2d 529). We find no overwhelming prejudice in the remark; considering the other evidence in the case, it is highly probable the ambiguous statement did not contribute to the judgment. To reverse the case on this ground would be a perversion of justice. See *Hamilton v. State,* 239 Ga. 72, 76 (235 SE2d 515).

3. The record reveals that no prejudice to the appellant whatsoever arose from the trial court's ejectment of appellant's father from the court room and finding the father in contempt for having made a "gesture." The offender was not identified as appellant's father to the jury; there is no indication that the jury (or anyone except the judge) saw the offending gesture. The removal action was ordered in a discreet manner so unobtrusive that it is hardly noticeable in the record and likely may have passed the jury by altogether. The contempt findings were made outside the presence of the jury. Although it would have been better for the trial court not to have later explained to the jury that "that man" had been found in contempt for making a gesture, we find, as a matter of fact, that this no more enlightened the jury as to any matter prejudicing the appellant than did the incident itself. We find no contaminating error in the trial court's handling of the incident.

4. Appellant contends the trial court erred in permitting

cross-examinaton of appellant concerning a statement he made to officers after his arrest, which was not produced by the state upon timely defense request and hence not admissible on direct and rebuttal under OCGA § 17-7-210 (c) (Code Ann. § 27-1302). All parties agreed that appellant's statement was inadmissible in any form. However, with reference to the appellant's testimony that he participated in the sale because he thought he was helping the confidential informant obtain her husband's (and his friend's) release from prison by "setting up" another subject, appellant was asked, "Have you ever attempted to give this version of your explanation, [that] you were framed, and didn't deserve to be arrested?... You didn't try to tell anybody what had happened...?" Appellant responded: "No sir they told me what happened and I agreed right along with them. They told me they followed me and I went here and there and got it and they knew who I got it from, and I agreed right along with it." The examination continued:

"Q What do you mean agreed right along with it?

"A I told them yes, sir, that's what—

"Q When did you tell them that?

"A The night I was arrested.

"Q. Who did you tell that to?

"A The police officer at — I don't know who they were."

We have held many times that an inquiry as to why a certain statement was or was not made is not an impermissible comment on a defendant's right to remain silent, where the defendant in fact did not remain silent. See *Watkins v. State,* 160 Ga. App. 9, 11 (5) (285 SE2d 758). However, a different situation may arise in a case such as this where the defendant did not remain silent but his statement is nevertheless inadmissible for any purpose for failure of the state to produce under OCGA § 17-7-210 (Code Ann. § 27-1302). In such a case we think that generally an inquiry into the making of or failure to make a certain statement runs a grave risk of enticing or tempting the appellant to confess his own statement, thereby getting in the back door what the state could not get in through the front. The question of error will depend upon the circumstances of the case. In this instance, although the appellant's statement was inadmissible, the appellant was arguably enticed into saying that after he was arrested he had "agreed right along" with the police version of events. We find no reversible error in these circumstances because the appellant's remark is, in the first place, completely consistent with his defense that he "sold" the cocaine according to what he thought the police and confidential informant had arranged and that he went along with what they wanted him to do to set up another defendant and therefore does not admit the offense. Viewed otherwise, the

statement that he "agreed right along" is completely ambiguous and so obscure as not to indicate anything incriminatory or the substance of his statement. Any error in this regard was therefore not prejudicial and was harmless. *Williams v. State,* 159 Ga. App. 508 (284 SE2d 27).

5. We find no error in the trial court's failure to charge that an agent can be one who is not compensated; and find it highly improbable that the jury was irremediably confused by it, nor, as appellant contends, likely to infer that appellant was not entrapped because the confidential informant was allegedly not a "paid" informant and hence not an agent of the state (see, e. g., *Leonardi v. State,* 154 Ga. App. 402 (268 SE2d 380)). Moreover, any assumed error would be harmless because the evidence shows the confidential informant was "paid," in that her participation and cooperation with the police was induced by the promise of a shorter prison sentence for her husband. Most importantly, no objection was made to the charge as given, and appellant has waived his right to challenge it on appeal. *Jackson v. State,* 246 Ga. 459 (271 SE2d 855).

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 11, 1983 —
REHEARING DENIED NOVEMBER 2, 1983 — ▮

*Joel E. Dodson, Jennifer McLeod, Kenneth W. Krontz,* for appellant.

*Frank C. Winn, District Attorney,* for appellee.