74062. HAMMITT v. THE STATE.
(359 SE2d 4)

Beasley, Judge.

Ernest Hammitt and Roland Wooten, who were in the used car business together, were indicted and convicted of theft by deception, OCGA §§ 16-8-3 (a) and (b) (1), in obtaining eight used motor vehicles from a dealer through the use of three checks, one of which was returned for insufficient funds and two of which were returned because the account was closed.

Roland's nephew James, who was an alcoholic and had cancer when the transactions took place, was also indicted but died before trial. James had actually signed the checks, which were written on an account he opened two weeks earlier with $200, for a used car business he ostensibly set up ten weeks earlier. In James' deposition, taken two months after the transactions and introduced at trial, he testified that he did not remember what he did with the vehicles except that he sold one to Hammitt. He could not write, could barely read, and had been unemployed for two years. He did not test-drive the vehicles; only Hammitt did.

Hammitt and Roland Wooten had purchased a number of vehicles from the victim prior to the instances on trial, all for cash. This time the negotiations involved James and his checks, which totaled $16,200. Upon inquiry, Hammitt assured the used car manager with whom they had dealt on the previous occasions that the checks were good.

1. The first enumeration of error challenges admission of an indictment and plea by Hammitt for theft of three vehicles by deception, five years earlier, in which the court accepted a plea agreement and sentenced Hammitt to probation. In those instances in south Georgia, Hammitt had accomplished the "purchases" by presenting the dealers with sight drafts drawn against his account at the same north Georgia bank at which James' account was subsequently opened. This evidence was offered to prove that Hammitt was involved in a criminal scheme here, knew how to accomplish it, and par-

ticipated in achieving it. His defense was that he was, in effect, an innocent bystander.

The assertion now made is that the crimes were not sufficiently similar and were too remote in time, both grounds having been raised below. After hearing argument and comparing the similarities and dissimilarities as well as considering the other issues related to admissibility (identity, relevance, and whether probative value outweighed prejudice), the court denied Hammitt's motion in limine. In submitting the case to the jury, the court gave a comprehensive and cautionary charge on the limited use to which the jury could put the prior conviction in its deliberation on the issues.

We hold that the evidence was not inadmissible as a matter of law, in that it met the prerequisites which appellant claims were not present. He is correct that "the independent crimes must be similar *or* logically connected to the crime for which the accused is on trial. *State v. Johnson*, 246 Ga. 654 (272 SE2d 321) (1980)." *Williams v. State*, 251 Ga. 749, 783 (4) (312 SE2d 40) (1983). Otherwise there is a violation of OCGA § 24-2-2 and/or OCGA § 24-9-20. "(A) plan, scheme, device, design, etc. means a peculiar or distinctive method of committing a crime which, if employed at another time by an accused, would tend to show he was the one [or here, one of the ones] who employed it this time." *Nicholson v. State*, 125 Ga. App. 24, 26 (3) (186 SE2d 287) (1971).

Here the two series of transactions were sufficiently similar so that "proof of the one tends to establish the other." *Bacon v. State*, 209 Ga. 261 (71 SE2d 615) (1952). In both instances, Hammitt was involved in the obtaining of used motor vehicles from dealers by inducing them to part with the vehicles for worthless negotiable instruments. The dissimilarities pointed out by appellant, i.e., bank sight drafts there instead of checks as here, appellant rather than someone else uttering the instrument, and a sole enterprise earlier as contrasted to a three-man transaction here, are not of sufficient significance or strength to compel exclusion. Nor does the fact that the guilty plea related to thefts of vehicles by deception in the market place five years earlier, weighed alone or together with all the other factors, render the indictment and plea inadmissible. *Campbell v. State*, 234 Ga. 130, 132 (214 SE2d 656) (1975).

2. The remaining enumerations focus on the sufficiency of the evidence to support a conviction. In addition to what is related here, we have reviewed the record and hold that, contrary to appellant's urging, the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) was met.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JUNE 4, 1987 —
REHEARING DENIED JUNE 19, 1987 —

*Harry M. Moseley*, for appellant.
*Rafe Banks III, District Attorney*, for appellee.