## A02A1826. BRAMBLETT v. THE STATE.
### (577 SE2d 100)

ADAMS, Judge.

Defendant Billy Don Bramblett was convicted by a jury of obstruction of an officer, violating the Georgia Controlled Substances Act, carrying a concealed weapon, first degree criminal damage to property, reckless driving, and fleeing and eluding. He appeals following the denial of his amended motion for new trial.

1. Bramblett first contends the trial court abused its discretion by allowing the State to reopen its case to prove chain of custody of the methamphetamine seized from him on the night of his arrest.

As to this issue, the transcript shows the following: Deputy Sheriff Mick Holsenbeck testified that he discovered what appeared to be a prescription medicine bottle in Bramblett's left pants pocket when he searched Bramblett incident to his arrest.[1] Holsenbeck testified that the bottle contained a small clear plastic bag with a white powdery substance inside. Holsenbeck testified that he turned the bottle over to Deputy Sheriff Benjamin Edwards at the scene.

The State then called Gretchen Hancock, a forensic scientist with the Georgia Bureau of Investigation Crime Laboratory, to testify. Hancock testified that she had been a forensic scientist for almost 31 years, and that she had been employed by the GBI crime lab in drug identification for almost 27 years. After additional testimony concerning her qualifications and training, Hancock was qualified as an expert without objection.

Hancock then testified concerning the general procedures the crime lab has established for receiving and processing evidence delivered to the lab by law enforcement officers. She testified that when she received the evidence at issue in this case, it was in a sealed

---

[1] Although not pertinent to the resolution of the issues presented in this appeal, the transcript shows that Bramblett was arrested following a high speed chase in which both his car and the pursuing police car were wrecked and damaged, and both Bramblett and the pursuing officer were injured.

plastic bag and there were no signs of tampering. She testified about the tests that are routinely used on most drug samples and then testified about the specific tests she ran on the sample at issue in this case and the results of those tests. Following this testimony, the State moved to introduce the sample into evidence, and Bramblett objected on the basis that the chain of custody had not been properly established and on the basis that the State had failed to elicit the proper foundational testimony on the scientific procedures and techniques used to test the sample. The State elicited additional testimony concerning the tests performed on the sample, and then once again attempted to introduce the sample. The trial court refused to admit the evidence on the basis that "there are other things that are lacking." Hancock was then excused by both sides, but before she left the stand the trial court asked her if she had formed an opinion as to the nature of the sample. She testified that the sample was positive for methamphetamine and that the weight of the sample was 3.2 grams.

Both sides then rested, and Bramblett moved for a directed verdict on the drug violation charge arguing that the chain of custody had not been established and pointing out that the sample identified as methamphetamine had not been admitted into evidence. The trial court agreed that the chain of custody had not been established and allowed the evidence to be reopened for that purpose. Testimony from Deputy Edwards establishing the chain of custody from the point he received the evidence from Deputy Holsenbeck to the time it was delivered to the crime lab was then admitted.

On appeal, Bramblett acknowledges the trial court has broad discretion to allow the evidence to be reopened even when, as here, a motion for directed verdict has been made. Bramblett also acknowledges that the trial court has broad discretion to question witnesses, so long as it does not communicate an opinion about the witness or the evidence. Bramblett argues, however, that the trial court abused its discretion in this case by failing to act with impartiality. We disagree.

First, the trial court did not abuse its discretion by questioning Hancock concerning the identity of the substance she tested. Hancock had already testified during her direct examination that her testing revealed that "the sample was consistent with methamphetamine." And the trial court did nothing to intimate an opinion about the credibility of the witness or the reliability of the findings; he simply asked her what those findings were.

We likewise find no merit to Bramblett's contention that the trial court abused its discretion by allowing the State to reopen the evidence to establish the chain of custody. Bramblett argues the trial court abused its discretion because it did more than allow the evi-

dence to be reopened; the trial court also took the additional step of instructing the prosecutor as to what evidence was needed to establish the chain of custody. But the transcript shows that in moving for a directed verdict Bramblett's counsel had pointed out "there has not been a sufficient chain of custody showing how the article was either transported or delivered to the crime lab. . . ." The trial court agreed and identified what was missing from the chain of custody, just as defense counsel had in moving for a directed verdict.

"Whether to reopen the evidence is a matter which rests within the sound discretion of the trial court. *Carter v. State*, 263 Ga. 401, 402 (2) (435 SE2d 42) (1993). A trial court's ruling in this regard will not be reversed in the absence of an abuse of discretion. *Page v. State*, 249 Ga. 648, 651 (2) (c) (292 SE2d 850) (1982). Whether there has been a reversible abuse of discretion requires a consideration of the totality of the circumstances. *Gresham v. State*, 204 Ga. App. 540, 542 (2) (420 SE2d 71) (1992)." *Carruth v. State*, 267 Ga. 221, 222 (476 SE2d 739) (1996).

*Jackson v. State*, 230 Ga. App. 292, 296 (7) (496 SE2d 315) (1998). Having reviewed the transcript, we find that the trial court did not act with partiality under the circumstances of this case, and it did not abuse its discretion by posing a question to a witness for the State or by reopening the evidence to allow the State to establish the chain of custody and introduce the methamphetamine sample. *Porter v. State*, 224 Ga. App. 276, 278-279 (1) (b) (480 SE2d 291) (1997) (no abuse of discretion when additional evidence of crime presented); *Bryan v. State*, 168 Ga. App. 711 (1) (310 SE2d 533) (1983) (within the trial court's discretion to allow the introduction of previously overlooked evidence, even after a motion for directed verdict has been made); *Hayes v. State*, 168 Ga. App. 710, 711 (3) (309 SE2d 843) (1983) (evidence reopened to allow the State to prove value of shoplifted item). This enumeration is without merit.

2. Bramblett next contends the trial court erred by admitting the results of the chemical tests performed on the evidence because the State failed to establish that the testing methods employed by the GBI crime lab were scientifically reliable or that the proper procedure was followed in conducting the tests.

As stated above, after being qualified as an expert witness, Hancock testified as to different types of tests routinely used to identify chemical samples, as well as the specific tests (thin layer chromatography, gas chromatography, mass spectrometry) that were used on the sample in this case. She also described the steps involved in testing the sample and testified that she was trained on the equipment

and testing methods she used here. Hancock also testified that she had performed these tests "many thousands of times," that the methods were approved by the GBI crime lab, that she tested the sample the way she was trained to test those types of samples, and that she conducted the tests in accordance with her training.

Bramblett does not contend that the tests were novel and acknowledges that the trial court does not have to "reinvent the wheel" to prove over and over again that a given testing method is reliable, but argues that the evidence must show that the method used is generally accepted as reliable and that the tests were properly performed. We find that the testimony here from the State's expert who was qualified without objection, who had worked at the GBI crime lab in drug testing for almost 27 years, who had performed these tests thousands of times, who testified that the tests she used were the tests she had been trained to use on this type of sample, and that she conducted the tests in accordance with her training, together with other testimony given by the witness, was sufficient to authorize the admission of the sample and the test results in this case.

3. We find no merit to Bramblett's contention that the trial court erred by failing to charge on the lesser included offense of misdemeanor obstruction. At trial, defense counsel agreed with the trial court that his requested instruction on felony obstruction was more appropriate under the facts here. The record further shows that during deliberations the jury submitted a question concerning the obstruction charge, and the trial court offered to also give the misdemeanor obstruction charge. Although defense counsel's response was somewhat cryptic, it does not appear that he accepted the trial court's offer to give the additional charge. "A party cannot submit to a ruling or acquiesce to it . . . , then complain about the ruling on appeal." *Boone v. State*, 229 Ga. App. 379, 381 (4) (494 SE2d 100) (1997). This enumeration is thus also without merit.

*Judgment affirmed. Ruffin, P. J., and Barnes, J., concur.*

DECIDED FEBRUARY 4, 2003.

*Thompson, Fox, Chandler, Homans & Hicks, David A. Fox*, for appellant.

*N. Stanley Gunter, District Attorney, Kerry I. Banister, William J. Langley, Assistant District Attorneys*, for appellee.