A03A0098. IN THE INTEREST OF A. L. S., a child.
(584 SE2d 27)

MILLER, Judge.

A. L. S., a child, was found delinquent for committing acts that would have supported convictions for driving on the wrong side of the road and second degree vehicular homicide had she been tried as an adult. She appeals, contending that (1) the juvenile court erred in reopening the case to allow the State to present additional evidence after the State had rested and after A. L. S. had moved for a directed verdict, and (2) the evidence was insufficient to support the finding of delinquency for second degree vehicular homicide. We discern no error and affirm.

---

Viewed in the light most favorable to the finding of delinquency, the evidence reveals that A. L. S. was driving in the southbound lane of Highway 169. Although there was no evidence of any obstruction in the southbound lane, A. L. S. drove across the centerline of the road and entered the northbound lane, where she collided with a truck being driven by the victim. The victim was seriously injured in the accident and taken to the hospital, where he eventually died from his injuries.

At the delinquency hearing, the State presented evidence that A. L. S.'s car moved from the southbound lane into the northbound lane, causing the accident, but did not present evidence that the victim died as a result of injuries suffered in the accident. Although prior to the delinquency hearing A. L. S.'s attorney had stipulated to the fact that the victim died as a result of injuries that he suffered in the car accident, the State (due to an inadvertent oversight) did not alert the court to this stipulation until the State had already rested its case. A. L. S. moved for a directed verdict, citing, among other things, the State's failure to establish a causal link between the victim's injuries suffered in the accident and his subsequent death. The court denied the motion and reopened the evidence to allow the State to introduce a certified copy of the death certificate that established that the victim died from injuries suffered in the car accident.

The court found A. L. S. delinquent, and A. L. S. now appeals.

1. A. L. S. contends that the juvenile court abused its discretion by reopening the evidence to allow the State to introduce a certified copy of the death certificate after the State had already rested its case and A. L. S. had moved for a directed verdict. We disagree.

A court has broad discretion to reopen a case after the close of evidence, even after the defendant has moved for a directed verdict. *McFarland v. State*, 137 Ga. App. 354, 357 (5) (223 SE2d 739) (1976). The lower court's decision will not be disturbed on appeal absent an abuse of discretion. *Carruth v. State*, 267 Ga. 221 (476 SE2d 739) (1996).

The juvenile court did not abuse its discretion by reopening the evidence to allow the State to introduce the death certificate. A. L. S.'s attorney had previously stipulated to the very fact that she now complains was not established before the State rested its case, and the stipulation had only been omitted due to an inadvertent oversight by the State. We find no abuse of discretion here. See *Thompson v. State*, 175 Ga. App. 645, 646 (1) (b) (334 SE2d 312) (1985) (trial court did not abuse its discretion by reopening case for State to establish venue where defendant did not contest location of incident); *McFarland*, supra, 137 Ga. App. at 357 (5) (trial court did not abuse its discretion by reopening case to allow State to ask ques-

tions that it had inadvertently neglected to ask prior to the close of evidence).

2. A. L. S. argues that the evidence presented at the delinquency hearing was insufficient to sustain a finding of delinquency for committing an act that would have supported a conviction for second degree vehicular homicide. We disagree.

"In juvenile proceedings, the standard of proof on charges of a criminal nature is the same as that used in criminal proceedings against adults — proof must be beyond a reasonable doubt." (Citation and punctuation omitted.) *In the Interest of A. F.*, 236 Ga. App. 60 (1) (510 SE2d 910) (1999).

OCGA § 40-6-393 (b) provides:

> Any person who causes the death of another person, without an intention to do so, by violating any provision of this title other than subsection (a) of Code Section 40-6-163 or subsection (b) of Code Section 40-6-270 or Code Section 40-6-390 or 40-6-391 or subsection (a) of Code Section 40-6-395 commits the offense of homicide by vehicle in the second degree when such violation is the cause of said death. . . .

Here the evidence showed that A. L. S. caused the victim's death through a violation of OCGA § 40-6-40 (must drive on the right side of the road), which dangerously placed her car into oncoming traffic on a public highway. The evidence sufficed to sustain a finding of delinquency for an act that would constitute second degree vehicular homicide. See OCGA § 40-6-393 (b); see also *Caffey v. State*, 210 Ga. App. 395, 396 (2) (436 SE2d 102) (1993); *Rank v. State*, 179 Ga. App. 28, 30 (2), (4), (5) (345 SE2d 75) (1986) (evidence sufficed to sustain conviction for second degree vehicular homicide where underlying offense was driving on wrong side of road); cf. *Abernathy v. State*, 191 Ga. App. 350, 351 (2) (381 SE2d 537) (1989) (criminal negligence to support second degree vehicular homicide can be shown where unintentional violation of motor safety statute is done under circumstances from which probable death or injury to others might be reasonably anticipated).

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED JUNE 19, 2003 —

*Dubberly & McGovern, Joseph D. McGovern,* for appellant.
*J. Thomas Durden, Jr., District Attorney, Melissa L. Heifferon, Mark A. Hendrix, Assistant District Attorneys,* for appellee.